HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

T-MOBILE USA, INC.,

    Plaintiff,

    v.

ANDREW CHONG,

    Defendant.

CASE NO. C13-29RAJ

ORDER

In December 2013, more than five months after the court denied Plaintiff's motion for a default judgment, Plaintiff T-Mobile USA, Inc. ("T-Mobile") filed a motion revealing that it had discovered in September 2013 that the Defendant, who T-Mobile believed was named Andrew Leung, was actually named Andrew Chong. The court neither grants nor denies the motion, because it requests relief that is unnecessary to correct the naming error. The court directs the clerk to TERMINATE the motion (Dkt. # 18) and to change the name of the Defendant to Andrew Chong. This order concludes with specific instructions.

T-Mobile's pre-complaint investigation focused on a single person who was trafficking in cellular telephones with prepaid airtime minutes from T-Mobile. For reasons that T-Mobile explains in its motion, T-Mobile believed that person's name was Andrew Leung. In September 2013, T-Mobile was contacted by counsel for a person who is actually named Andrew Leung. That person resides at the New York City address

ORDER – 1

where the target of T-Mobile's investigation responded to a legal process server attempting to serve process in another matter on Andrew Leung. The real Andrew Leung explained, through his counsel, that the person described in T-Mobile's complaint is named "Andrew Chong," and that Mr. Chong is or was the boyfriend of Mr. Leung's sister.

At worst, T-Mobile's belief that the target of its investigation was named Andrew Leung is the result of an excusable mistake. More likely, it is the result of a concerted effort on behalf of the real Andrew Leung and Andrew Chong to misrepresent Mr. Chong's identity. In any event, there is no question that the complaint in this matter (and virtually every document on the docket) misnames the Defendant.

Rule 60(a) of the Federal Rules of Civil Procedure allows a court to correct a "mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." At least one court in this District has construed excusable mistakes in naming a defendant as mistakes within the scope of Rule 60(a). *Mitchell Repair Info. Co. v. Rutchey*, No. C08-500RSM, 2009 U.S. Dist. LEXIS 98698, at *3-4 (W.D. Wash. Oct. 2, 2009). Here, Mr. Chong knew about the complaint from the moment he was served with it. He either knew that the person the complaint identified as Andrew Leung was actually him, or he knew that he had an obligation to respond to the complaint to contest that he was the person identified in the complaint. Instead, Mr. Chong did not respond to the complaint. Amending the complaint to correct the name of the Defendant does not prejudice Mr. Chong. If Mr. Chong suffers any prejudice, it is the result of his failure to respond to the initial complaint.

T-Mobile requests that the court, under the auspices of Federal Rule of Civil Procedure 60(a), correct every portion of the record in which Mr. Chong is misnamed. T-Mobile specifically requests that the court "correct[] all references in the record by substituting 'Andrew Chong' in place of 'Andrew Leung.'" Mot. (Dkt. # 18) at 12. If T-

ORDER – 2

Mobile wishes to correct every one of the dozens of documents that make up the record in this case by replacing "Leung" with "Chong," it is welcome to do so. The court declines the invitation. Instead, the court will correct the two documents that T-Mobile needs to bring this case to a resolution: the complaint and the clerk's February 12, 2013 order entering Defendant's default. Relying on Rule 60(a), the court deems those documents (Dkt. ## 1, 13) corrected to indicate that the Defendant is named Andrew Chong. T-Mobile does not reveal if it makes any difference,[1] but the court declares that the correction to the complaint is retroactive to the date of service of the original complaint, and that the correction to the order entering default is retroactive to February 12, 2013.

To summarize, the court orders as follows:

1) The court deems the complaint in this action corrected to substitute Andrew Chong as the Defendant. T-Mobile need not file a corrected complaint reflecting this change. The clerk shall modify the Defendant's name accordingly in the court's electronic filing system. T-Mobile need not re-serve its complaint. Service of the original complaint on Mr. Chong was sufficient to subject him to the jurisdiction of this court, regardless of the error in naming Mr. Chong.

2) The court declares that Andrew Chong is in default, and has been in default since February 12, 2013.

3) This action is proceeding at a snail's pace, considering that no one is opposing T-Mobile. The court denied T-Mobile's motion for default judgment on July

---

[1] T-Mobile does not reveal whether a later date of service for its complaint would run it afoul of any relevant statute of limitations. T-Mobile could have amended its complaint using Mr. Chong's name and re-served Mr. Chong. If there were statute of limitations concerns, it could have invoked Federal Rule of Civil Procedure 15(c) to demonstrate that the amended complaint relates back to the date of the initial complaint. The court is satisfied that in the circumstances before it, both T-Mobile's invocation of Rule 60(a) to avoid the necessity of amending and re-serving its complaint is consistent with both Mr. Chong's due process rights and the interests of justice.

ORDER – 3

11, 2013. T-Mobile has done nothing to bring this action to a resolution since, even though it has known of the error regarding the Defendant's name since mid-September. T-Mobile has assured the court that it will file a second motion for default judgment within seven days of this order. If T-Mobile does not file a motion for default judgment by January 27, 2014, the court will dismiss this action without prejudice for failure to prosecute.

4) The clerk shall TERMINATE T-Mobile's motion. Dkt. # 18.

DATED this 13th day of January, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4